NO. 07-04-0261-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 23, 2004
_____

IN THE INTEREST OF S.D.S., G.R.R., J.R.R. AND E.M.R., CHILDREN
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 32,803; HON. PHIL N. VANDERPOOL, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

This case is an appeal of a final order terminating the parent-child relationship. The clerk's record was filed on June 2, 2004, and the reporter's record was filed on June 22, 2004. Thus, appellants' briefs were due on July 12, 2004, since this is an accelerated case. However, no brief or extension of time to file appellants' briefs was filed on that date. So, this Court notified counsel for appellants, by letter on August 16, 2004, that neither the brief nor an extension of time to file same had been filed. We also admonished counsel for appellants that if they did not respond to the court's letter by August 26, 2004, the appeal would be subject to dismissal. On August 18, 2004, counsel for appellant Filemon Sanchez notified this court that under Texas Family Code section 263.405(g), the filing of an appellant's brief is "discretionary and is not required unless the court of appeals

determines that the brief would be of assistance in resolving the matters presented on appeal." Attorneys for appellants Johnny Sanchez and Cassandra Ramirez have not responded to the August 16, 2004 letter.

Accordingly, we abate this appeal and remand the cause to the 223rd District Court of Gray County (trial court). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.     whether appellants desire to prosecute the appeal;

2.     whether appellants are indigent and entitled to appointed counsel; and,

3.     whether appellants have been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

Should the trial court find that appellants desire to pursue this appeal, are indigent, and have been denied effective assistance of counsel, then we further direct it to appoint new counsel to assist them in the prosecution of the appeal. We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellants on appeal must also be included in the trial court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before September 22, 2004. Should

additional time be needed to perform these tasks, the trial court may request same on or before September 22, 2004.

It is so ordered.

Per Curiam